AUSA:   Susan Fairchild       Telephone: (313) 226-9577
Agent:       Sarah Soles      Telephone: (313) 570-5211

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

United States of America
  v.

Hector ESCOTO-SOTELO

Case No.
Case: 2:25−mj−30606
Assigned To : Unassigned
Assign. Date : 9/23/2025
Description: CMP USA v. Escoto−Sotelo (jo)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 20, 2025 _____ in the county of _____ Oakland _____ in the _____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sarah Soles, Border Patrol Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ September 23, 2025 _____

_____
*Judge's signature*

City and state: Detroit, MI

Anthony P. Patti, U.S. Magistrate Judge
_____
*Printed name and title*

**AFFIDAVIT**

I, Sarah A. Soles, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Border Patrol, and I have been employed in this capacity since June of 2009. Currently, I am assigned to the Marysville Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official immigration file and system automated data relating to Hector ESCOTO-SOTELO, which attests to the following:

2. Hector ESCOTO-SOTELO is a thirty-eight-year-old male, native and citizen of Mexico, who claims to have last entered the United States at or near Laredo, Texas in August of 2021, without being admitted, inspected or paroled by an Immigration Officer.

3. On or about February 6, 2004, ESCOTO-SOTELO was arrested by the U.S. Border Patrol near Douglas, Arizona and was granted a Voluntary Return to Mexico.

4. On or about February 7, 2004, ESCOTO-SOTELO was arrested by the U.S. Border Patrol near Douglas, Arizona and was granted a Voluntary Return to Mexico.

5. On or about February 8, 2004, ESCOTO-SOTELO was arrested by the U.S. Border Patrol near Douglas, Arizona and was granted a Voluntary Return to Mexico.

6. On or about January 22, 2005, ESCOTO-SOTELO was arrested by the Taylor Police in Taylor, Michigan for Larceny. On February 1, 2005, ESCOTO-SOTELO was convicted of Larceny and sentenced to 9 days' incarceration.

7. On or about April 9, 2008, ESCOTO-SOTELO was arrested by the U.S. Border Patrol near Tecate, California and granted a Voluntary Return to Mexico.

1

8.    On or about April 20, 2008, ESCOTO-SOTELO was arrested by the U.S. Border Patrol near El Paso, Texas and was granted a Voluntary Return to Mexico.

9.    On or about August 12, 2013, ESCOTO-SOTELO was arrested by the Detroit Police Department for Failure to Stop After Collision and Operating with a High Blood Alcohol Content (BAC).

10.   On or about August 12, 2013, ESCOTO-SOTELO was encountered by Immigration and Customs Enforcement (ICE) in Detroit, Michigan after the arrest by Detroit Police. ESCOTO-SOTELO was served a Notice to Appear.

11.   On or about August 19, 2013, ESCOTO-SOTELO was ordered removed by an Immigration Judge in Detroit, Michigan and subsequently removed from the United States to Mexico on August 28, 2013, via Laredo, Texas.

12.   On or about September 20, 2025, ESCOTO-SOTELO was encountered by U.S. Border Patrol Agents from the Marysville Station while assisting the Oxford Police Department near Oxford, Michigan. ESCOTO-SOTELO was issued civil infractions for Driving Without Insurance and Defective Equipment by the Oxford Police Department. The Marysville Border Patrol Agents determined that ESCOTO-SOTELO was illegally present in the United States and placed him under arrest.

13.   During processing at the Marysville Border Patrol Station, agents discovered that ESCOTO-SOTELO had a warrant for Driving Under the Influence-Alcohol out of Detroit, Michigan. The warrant was confirmed by Detroit Police and their response was to advise and release.

14.   The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

2

15.     Review of records from the alien file (A# xxx xxx 499) for ESCOTO-SOTELO and queries in U.S. Department of Homeland Security databases confirm that no record exists of ESCOTO-SOTELO obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his last removal on or about August 28, 2013.

16.     Based on the above information, there is probable cause to believe that, on or about September 20, 2025, at or near Oxford, in the Eastern District of Michigan, Southern Division, Hector ESCOTO-SOTELO, an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about August 28, 2013, at or near Laredo, Texas, and not having obtained the express consent from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Sarah A. Soles, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge
September 23, 2025

3